RUDERMAN v. BLOCH et al.

(Supreme Court, Appellate Term, First Department. January 16, 1914.)

1. SET-OFF AND COUNTERCLAIM (§ 34*)—SUBJECT-MATTER.
   In a tenant's action to recover a deposit with the landlord to secure the making of certain repairs, a counterclaim that the tenant entered the building without the landlord's knowledge or consent and completely ruined it, maliciously and wrongfully destroying and dismantling it beyond repair for the sole purpose of injuring him, alleged a trespass having no relation to the contract sued upon and not arising out of the transaction.
   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 56, 57; Dec. Dig. § 34.*]

2. PLEADING (§ 34*)—DEMURRER—CONSTRUCTION.
   A pleading to which a demurrer has been interposed must be read with all intendments in favor of the pleader.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

3. PLEADING (§ 1*)—OFFICE.
   The purpose of a pleading is to define the issues.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]
   Lehman, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Charles Ruderman against Samuel Bloch and another. From an order sustaining demurrers to two "separate and distinct defenses" and "by way of set-off" contained in certain paragraphs of the amended answer. Modified and affirmed.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Weschler & Kohn, of New York City (Walter T. Kohn and Jehial M. Roeder, both of New York City, of counsel), for appellants.
William Rabinowich, of New York City, for respondent.

PAGE, J. The separate defense contained in paragraphs 9 to 16, inclusive, is unquestionably insufficient.

[1, 2] The one contained in paragraphs 2 to 8, inclusive, is based on the following allegations, in substance: That the plaintiff having leased a building from defendants, and having agreed to make certain repairs to, and changes therein, to secure which the $2,000 in suit was deposited with the defendant, "entered upon the building without the knowledge or consent of the landlords and completely ruined it, maliciously and wrongfully destroying and dismantling the building beyond repair for the sole purpose of injuring the landlords." While a pleading to which a demurrer has been interposed must be read with all intendments in favor of the pleader, nevertheless, this so-called "defense and set-off" alleges a trespass aggravated by willful and malicious damage to real property which has no relation to the contract sued upon; nor can it have arisen out of the "transaction."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] If defendants desire to plead a breach of plaintiff's agreement to repair the building as a defense to plaintiff's action to procure the return of the deposit, which was security for the carrying out of the repairs, it is easy to do so. The purpose of a-pleading is to define the issues.

The order should be modified by allowing the defendants to serve an amended answer within six days upon payment of $10 costs in the court below, and as modified should be affirmed, with $10 costs and disbursements.

BIJUR, J., concurs.

LEHMAN, J. (dissenting). This action is brought by the assignee of a former tenant of the defendants, after the tenants were dispossessed by the defendants, to recover a deposit made under the lease. The lease provides that the tenants intend to make certain alterations on the premises, and that the landlord shall pay half the expense of the alterations, but not in excess of $7,500. The lease then provides that, if any sum in excess of this amount shall be required, the tenants shall pay the same. The tenants therewith deposited with the landlords the sum of $2,000 as security to insure all the conditions and covenants of this lease, and they further agree that they will begin all the alterations and renovations during the month of June, 1913, and have the same completed as soon as possible, and if such conditions shall be carried out, and performed, the landlord thereupon shall pay to the contractor the said sum of $2,000 so deposited as aforesaid, as the bills are audited and allowed, and the tenants shall be entitled to have free rent during the said months of June, July, and August, 1913. The complaint further sets forth that the defendants have not paid the said sum of $2,000 to any contractor on account of the said share of the tenant, nor have they paid the said sum or any part thereof to any other person; that the work described was not done; and that the defendants did not become obligated to any person for the payment of any work.

The defendants' answer contains denials, as well as separate defenses and set-offs, and the plaintiff has demurred to the first and second defenses and set-offs. The first separate defense and set-off alleges: That the tenants went into possession of said premises, but did not begin the alterations and renovations during the month of June, 1913, and made no improvements, alterations, or renovations during the month of June, 1913, and made no improvements, alterations, or renovations, as provided for in the contract and otherwise, but that, on the contrary, and on or about the 25th day of August, 1913, the said Fango Baths, Inc., and the Reliable Contracting Company, the latter acting under instructions from the tenant, the said Fango Baths, Inc., entered upon the building without the knowledge or consent of the defendants and completely ruined it, maliciously and willfully destroying and dismantling the building beyond repair, for the sole purpose of injuring the landlords, the defendants herein, and did thereby cause damage far in excess of $5,000.

It is the contention of the plaintiff that this set-off states no cause of action, and that if it does state a cause of action it is for malicious destruction of the property, and not for the breach of any condition or covenant of the lease secured by the deposit in suit. In my opinion this contention rests upon an improper construction of the lease. The lease provides for the making of certain "improvements and alterations in defendants' building." The deposit of $2,000 was given as security to insure all the covenants and conditions of the lease, and specifically was to be paid over only when these alterations and repairs were completed. The evident purpose of the deposit was to insure the landlords against the possible failure of the tenants to complete the alterations, leaving the landlords in a position where to secure the benefit of the improvement they would be obliged to pay more than half the cost. The set-off shows not only that the work was not completed, but that the tenants have ruined the building so that it cannot be repaired.

In other words, the tenants instead of carrying out the condition on which the deposit was made, and completing improvements for which the landlords were to pay half the cost, have dismantled the building to the landlords' great damage. Under such circumstances, they are not entitled to the return of the deposit, unless they make good to the landlords the damage caused by their destroying the building, instead of complying with the condition under which the deposit was made, viz., that the tenants would in a reasonable time complete the alterations. The demurrer to the first separate defense and set-off should therefore have been overruled.

The second defense and set-off states that the lease contained a further clause which provided that the tenants, before awarding the contract for the improvements, will procure from the contractor an agreement that he will hold the landlords free from any liens, and will indemnify them from any liens in connection with said alteration or improvement. The defense further alleges that the Fango Company entered into a pretended contract with the Reliable Contracting Company, which provided that the contract was entered into under the lease hereinbefore described, and that the Reliable Contracting Company have filed a lien, and the defendants have been served with a summons and complaint in an action to foreclose the lien.

In my opinion the demurrer to the second defense was correctly sustained. The defense fails to allege that the tenants failed to secure from the contractor any agreement to hold the landlords free from any liens for materials and labor, and we cannot presume that no such agreement has been obtained. So far as the clause is contained agreeing to indemnify the landlords from any such liens, no damage is shown if this clause has been breached. On the contrary, the defense itself alleges facts showing that the defendants have a perfectly good defense to any action to foreclose the lien, and that judgment can never be obtained against them. In addition, it does not appear that any demand has been made against the tenants for indemnity.

It follows that the order appealed from should be reversed, with $10

costs and disbursements to the appellants, the demurrer to the first separate defense overruled, and the demurrer to the second defense sustained.